UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANKLIN SIERRA-OLIVA,

       Petitioner,

                             Case No. 1:05-cv-758
v.                                Hon. Robert J. Jonker

SHIRLEE A. HARRY,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254.

### I.      Background

A jury convicted petitioner of first-degree criminal sexual conduct (CSC I), M.C.L. § 750.520b, and third-degree criminal sexual conduct (CSC III), M.C.L. § 750.520d. *People v. Franklin Sierra-Oliva a/k/a Francklin Sierra-Oliva*, No. 245846 (Mich. App. April 29, 2004). He was sentenced to concurrent terms of 10 to 50 years' imprisonment for CSC I and 7 1/2 to 15 years' imprisonment for CSC III. *Id.*

Petitioner presented the following issue in his direct appeal to the Michigan Court of Appeals:

    I.      Did the trial court commit reversible error and deny [petitioner] a fair trial by an impartial and properly instructed jury, where the court refused to give the requested assault and battery instruction, and failed to give second degree CSC as an alternative?

*See* docket no. 20. The Michigan Court of Appeals affirmed the conviction. *People v. Franklin Sierra-Oliva*, No. 245846. Petitioner raised the same issue in his application for leave to appeal to the Michigan Supreme Court. *See* docket no. 21. The Michigan Supreme Court denied petitioner's application for leave. *People v. Franklin Sierra-Oliva a/k/a Francklin Sierra-Oliva*, No. 126354 (Mich. Nov. 22, 2004).

Petitioner raises the following issue in his habeas petition:

[Petitioner] was denied a fair trial by an impartial and properly instructed jury where the court refused to give the requested "assault & battery" and 2nd deg. instruction.

### III.    Exhaustion of state court remedies

Petitioner seeks relief under 28 U.S.C. §2254 which provides that a federal district judge "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Exhaustion requires a petitioner to fairly present federal claims so that state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A).

"In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan*, 526 U.S. at 842. To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

In order to properly exhaust a claim in the Michigan courts, a prisoner must fairly present his habeas issues in both the Michigan Court of Appeals and the Michigan Supreme Court. *See Whiting v. Burt*, 395 F.3d 602, 012 (6th Cir. 2005); *Hafley*, 902 F.2d at 483; *Winegar v. Department of Corrections*, 435 F. Supp. 285, 289 (W.D. Mich. 1977). Unless a habeas petitioner presents the legal and factual substance of every claim to "all levels of state court review," he may not maintain a habeas corpus petition. *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987).

The Sixth Circuit "has noted four actions a defendant can take which are significant to the determination whether a claim has been 'fairly presented'" to the state courts, those being:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

*McMeans v. Brigano*, 228 F.3d 674, 681(6th Cir. 2000) (citation omitted).

Here, petitioner's state court appeal did not raise any federal constitutional issues. While petitioner phrased the issue on appeal as the denial of "a fair trial by an impartial and properly instructed jury," he did not take any of the four actions required to fairly present a federal claim to a state court. *See id*. Rather, petitioner's appeal was limited to whether the trial court

abused its discretion  by refusing to give an instruction on assault and battery where it was disputed how many sexual penetrations took place and whether the use of force was related to the sexual penetrations.  *See* Petitioner's Brief on Appeal (docket no. 20); *People v. Franklin Sierra-Oliva*, No. 245846, slip op. at 1.

Petitioner has at least one available procedure to raise a federal constitutional argument in state court by filing a motion for relief from judgment pursuant MCR 6.502.  As a general rule, a habeas petition containing unexhausted claims such as petitioner's should be dismissed without prejudice.  *See Rose v. Lundy*,  455 U.S. 509, 518-20 (1982). However, under 28 U.S.C. § 2254(b)(2), federal courts have the discretion to deny habeas relief on the merits regardless of whether the petitioner has exhausted his state remedies.  *See Jones v. Jones*, 163 F.3d 285, 299 (6th Cir. 1998). *See, e.g.*, *Farley v. Lafler*, 193 Fed.Appx. 543, 549 (6th Cir. 2006) ("[the] AEDPA clearly provides that the district court could hear the unexhausted jury instruction claim and deny it on its merits to avoid further litigation for the sake of efficiency").  In this case, petitioner's claims are without merit.  Accordingly, I recommend the court exercise its discretion to review these claims pursuant to § 2254(b)(2).

### IV.    Discussion

### A.    Standard of review

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review pursuant to § 2254 is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–

4

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established Federal law if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided the case differently than a Supreme Court decision based upon a set of materially indistinguishable facts.   *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (*rehearing en banc*).   An unreasonable application of clearly established Federal law occurs "when the state court identified the correct legal principle from the Supreme Court but unreasonably applied the principle to the facts of the case before it." *Id.*

A determination of a factual issue by a state court is presumed to be correct.   28 U.S.C. § 2254(e)(1).   A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous.   *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001).

**B.      The state appellate decision**

The Michigan Court of Appeals rejected petitioner's claim regarding the assault and battery instruction as follows:

The determination whether a jury instruction is applicable to the facts of the case is reviewed for an abuse of discretion.  *People v. Ho*, 231 Mich.App 178, 189; 585 NW2d 357 (1998).  Unpreserved error regarding jury instructions is reviewed for plain error affecting a defendant's substantial rights.  *People v. Carines*, 460 Mich. 750, 763, 766-768; 597 NW2d 130 (1999).

5

The court determined assault and battery could be an appropriate lesser-included offense of CSC I, MCL 750.520b, and CSC III, MCL 750 .520d, in certain circumstances.  However, the court stated that where sexual penetrations followed the application of physical force, assault and battery was not an appropriate jury instruction.

An instruction on a necessarily included lesser offense should be given when requested where a rational view of the evidence would support giving the instruction. *People v. Cornell*, 466 Mich. 335, 357; 646 NW2d 127 (2002).  An offense is a necessarily included lesser offense where the greater offense includes all the elements needed to prove the lesser offense. *Id.* at 345, quoting *People v. Ora Jones*, 395 Mich. 379, 387; 236 NW2d 461 (1975); also *Cornell*, *supra* at 361 ("It is impossible to commit the greater offense without first committing the lesser offense.").

Assuming, arguendo, that assault and battery can be a necessarily included lesser offense of CSC I and CSC III, we conclude that any error arising from the trial court's refusal to instruct on assault and battery was harmless beyond a reasonable doubt. *People v. Lukity*, 460 Mich. 484, 495-496; 596 NW2d 607 (1999).  The issue at trial was whether the sexual penetrations were forcibly accomplished.  Defendant admitted that he penetrated the victim, but he disputed the number of penetrations that occurred and whether force was used to accomplish the admitted penetrations; he did, however, admit striking the victim before they had sexual relations.  Given this admission, it is clear that the jury, in concluding that defendant used force to commit two admitted sexual penetrations (amounting to CSC I and CSC III), could not rationally have determined that he was guilty only of assault and battery.  It is evident that the jury accepted the victim's testimony that defendant beat her in order to coerce sexual relations and rejected his claim that his admitted beating of the victim was an incident separate and apart from their subsequent consensual relations.  This jury determination is inconsistent with a finding that defendant committed assault and battery, but then had consensual sexual relations with the victim.  Therefore, defendant has failed to establish that it is more likely than not that the outcome would have been different if the assault and battery instruction had been given. *Lukity*, *supra*.

*People v. Franklin Sierra-Oliva*, No. 245846, slip op. at 1-2.

In addition, the Michigan Court of Appeals rejected petitioner's claim regarding the

CSC II instruction:

Defendant also argues that an instruction for CSC II should have been given. The forfeited error rule puts the burden on defendant to show this was clear or obvious plain error and that it affected the outcome of the proceeding. *Carines*,

6

*supra* at 763, citing *United States v. Olano*, 507 U.S. 725, 731-734; 113 S Ct 1770; 123 L.Ed.2d 508 (1993).  CSC II requires sexual contact while CSC I requires sexual penetration.  MCL 750.520c; MCL 750.520b.  Assuming arguendo that CSC II is a necessarily included lesser offense of CSC I, a jury instruction for CSC II as a lesser-included offense of CSC I must be clearly supported by the evidence.  *Cornell*, *supra* at 367.  However, defendant admitted that penetration took place.  Thus, the evidence could not support a conclusion that sexual contact occurred but sexual penetration did not.  Therefore, the court's failure to instruct on CSC II, sua sponte, was not plain error, did not affect the outcome of the trial, and does not warrant appellate review.

*Id.*, slip op. at 1-2.

### C.   Petitioner's claims are not subject to habeas review

Federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  A claim that a trial court gave an improper jury instruction is not cognizable on habeas review unless a petitioner shows that the erroneous instruction "so infected the entire trial that the resulting conviction violates due process." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977).  In this case, petitioner does not contend that the trial court gave an improper instruction; rather he contends that the trial court failed to give an instruction for a lesser included offense.  Assuming that assault and battery and CSC II are lesser included offenses of CSC I under Michigan law,[1] the trial court's failure to give instructions for these lesser included offenses is not cognizable on habeas review.  The Constitution does not require courts to give lesser included offense instructions in non-capital cases.  *Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002).  "Although the Supreme Court has held that it is a violation of due process for a court to fail to instruct on a lesser included offense supported by the evidence in a capital case, *see Beck v. Alabama*, 447 U.S. 625, 627, 100 S.Ct. 2382, 65

---

[1] The court notes that the Michigan Court of Appeals did not conclude that either assault and battery or CSC II were lesser included offenses of CSC I.

7

L.Ed.2d 392 (1980), it has not so held in noncapital cases." *Id.*  The trial court's failure to instruct the jury on a lesser included offense in a noncapital case is "not such a fundamental defect as inherently results in a miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."  *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990).

Petitioner had no federal constitutional right to jury instructions for the lesser included offenses of assault and battery or CSC II.  Accordingly, his petition for habeas relief should be denied.

### V.     Recommendation

I respectfully recommend that petitioner's habeas petition be **DENIED**.  Rule 8, Rules Governing § 2254 Cases in the United States District Courts.

Dated:  December 4, 2008                                    /s/ Hugh W. Brenneman, Jr.
                                                                           HUGH W. BRENNEMAN, JR.
                                                                           United States Magistrate Judge

ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).